FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2013 OCT 17 AM 9 17

STEPHAN HARRIS, CLERK
CHEYENNE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| ROBERT L. HIGGINS as Wrongful Death Representative of the Estate of Robert Nathan Kendall Higgins, Deceased, and CORINA HIGGINS,<br><br>Plaintiffs,<br><br>vs.<br><br>FORD MOTOR CO., TRW AUTOMOTIVE U.S., LLC., TRW VEHICLE SAFETY SYSTEMS, INC.,<br><br>Defendants. | Case No. 12-CV-177-F |

## ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER

This matter is before the Court on Plaintiffs' Appeal of the Magistrate Judge's Order of September 26, 2013 Denying Plaintiffs' Request to Challenge Defendant TRW's Designation of Confidential Documents. The Court has reviewed Plaintiffs' Appeal, the Magistrate Judge's Order, and is fully advised in the premises. The Magistrate Judge's Order is AFFIRMED.

BACKGROUND

On August 22, 2013, Plaintiffs sought to challenge Defendant TRW's designation of Exhibits 3, 4, 4a, and 8 to the deposition of Steven St. Germain as confidential. Between September 6 and September 13 the Parties filed a number of letters outlining their respective positions regarding the designation of the particular documents. On September 26, 2013, the Magistrate Judge held a telephonic hearing with Jerry Manning White appearing for Plaintiffs and Craig Paul Kapp and David R. Tippetts appearing on behalf of Defendant TRW.

The January 31, 2013, deposition of Defendant, TRW's, corporate representative Steven St. Germain clearly identified a number of documents as confidential. At the deposition the Parties made clear the specified documents would be subject to a not yet entered protective order. On May 14, 2013, the Magistrate Judge entered a Protective Order. Paragraph Four (4) of the Protective Order set forth the criteria for a party to dispute the designation of confidential documents. In pertinent part Paragraph 4 of the Protective Order states: "If a party disagrees with the 'Protected' designation of any document, the party will so notify the producing party in writing. If the parties are unable to agree, within 15 days of receiving such notice, the producing party will then apply to [the Magistrate Judge] to set a hearing for the purpose of establishing that said document is protected." The Magistrate Judge was not presented with any evidence showing

Plaintiffs objected to the documents in question within 15 days of the entry of the Protective Order. Rather, Plaintiffs waited until late-August, long after Defendant TRW had been dismissed and after the close of the case, to raise the issue. Further, the Magistrate Judge found Paragraph Fourteen (14) of the Protective Order was intended to allow the Magistrate Judge to enforce the Protective Order even after the close of the case, but was not intended to allow the parties to raise a discovery dispute concerning the confidentiality of documents after the termination of the case. Therefore, the Magistrate Judge denied Plaintiffs' request to challenge the confidentiality of Defendant, TRW's, Exhibits 3, 4, 4a, and 8 to the deposition of Steven St. Germain.

On October 10, 2013, Plaintiffs filed an Appeal of the Magistrate Judge's Order pursuant to Local Rule 74.1(a). U.S.D.C.L.R. 74.1(a).

## STANDARD OF REVIEW

Under Local Rule 74.1(a), a party may appeal the decision of the Magistrate Judge to the District Judge within fourteen (14) days after service of the Magistrate Judge's order. A District Court will not set aside a Magistrate Judge's order unless it finds it to be clearly erroneous or contrary to law.

DISCUSSION

The Court does not find the decision of the Magistrate Judge to be clearly erroneous or contrary to law. Plaintiffs' motion to challenge Defendant TRW's Designation of confidential documents is untimely. Defendant TRW designated certain documents as confidential at the deposition of Mr. St. Germain on January 31, 2013. The Protective Order was entered on May 14, 2013. Plaintiffs voluntarily dismissed Defendant TRW with prejudice on May 16, 2013. On August 7, 2013, Defendant Ford Motor Company was dismissed and the case was closed. According to the emails attached to Plaintiffs' Appeal, they waited until August 21, 2013 to get guidance from Defendant TRW about certain documents Defendant TRW was classifying as confidential. Defendant TRW was dismissed on May 14, 2013. On August 22, 2013, over three months after Defendant TRW was voluntarily dismissed, Plaintiffs made their "formal written challenge to TRW's claim of protection[.]"

Plaintiffs knew back on January 31, 2013 that Defendant TRW was classifying certain documents as confidential. The Protective Order governing disputes regarding confidential documents was filed on May 14, 2013. As determined by the Magistrate Judge, Plaintiff was obligated to notify in writing before the case was dismissed that it objected to Defendant TRW's designation of certain documents as confidential. The Court will not allow Plaintiffs to continue to argue over discovery matters long after

4

Defendant TRW was dismissed from the case. Even assuming Plaintiff was unaware of which documents were actually confidential, it should have sought guidance much earlier than now (i.e., before Defendant TRW was voluntarily dismissed, and certainly before the case was closed).

The Court is in agreement with the Magistrate Judge that while Paragraph 14 of the Protective Order was intended to allow the Magistrate Judge to enforce the Protective Order after the close of the case, it was not intended to allow the parties to raise discovery disputes concerning the confidentiality of documents after termination of the case.

IT IS ORDERED the Magistrate Judge's Order Denying Plaintiffs' Request to Challenge Defendant TRW's Designation of Confidential Documents is AFFIRMED.

Dated this 16 day of October, 2013.

NANCY D. FREUDENTHAL
CHIEF UNITED STATES DISTRICT JUDGE